UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61572-BLOOM
(Case No. 18-cr-60340-BLOOM)

SEAN HURST,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                       /

**ORDER OF DISMISSAL ON AMENDED MOTION UNDER 22 U.S.C. § 2255**

**THIS CAUSE** is before the Court on Movant Sean Hurst's *pro se* Motion Under 28 U.S.C. § 2255, ECF No. [1] raising due process and ineffective assistance of counsel challenges to his underlying criminal conviction in case number 18-cr-60340-BLOOM. The Court has carefully considered the Motion, the Government's Answer, ECF No. [4], the applicable law, and is otherwise fully advised.[1] For the reasons set forth below, the Motion is dismissed as untimely.

**I.    BACKGROUND**

On December 13, 2018, a grand jury charged Movant with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). *See* CR ECF No. [3].[2] On April 10, 2019, Movant pleaded guilty to the offense listed in the Indictment, CR ECF

---

[1] Movant's reply was due on or before September 18, 2023. *See* ECF No. [3] at 1. To date, Movant has not filed a reply or requested additional time to do so.

[2] References to docket entries in Movant's criminal case, case number 18-60340-CR-BLOOM, are denoted with "CR ECF No."

Nos. [22 & 26]; and on June 17, 2019, the Court entered a judgment of conviction. *See* CR ECF No. [37]. Movant did not appeal the Court's judgment.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255(f), a movant must file a § 2255 motion within a one-year period that runs "from the latest of" the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (citation omitted). As relevant, a criminal defendant has fourteen days to file a notice of appeal after either "the entry of either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b)(1)(A). Relatedly, the burden of demonstrating that AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the movant. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## III.   DISCUSSION

### A.   The Motion is Untimely

Here, Movant does not assert that an unconstitutional State-created impediment to filing his Motion existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the

2

exercise of due diligence. Accordingly, the Court measures the timeliness of the Motion from the remaining trigger, the date Movant's judgment of conviction became final.

Movant's judgment became final on July 2, 2023, after the fourteen days to file an appeal elapsed. *See Akins*, 204 F.3d at 1089 n. 1; Fed. R. App. P. 4(b)(1)(A); *see also* Fed. R. Civ. P 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . ."). Movant, therefore, had until July 2, 2020, to file a § 2255 motion. *See Griffith v. Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event"). Movant filed the instant Motion on August 10, 2023—1500 days after the deadline.[3] As such, the Motion is untimely.[4]

**B.    Equitable Exceptions Inapplicable**

The only way Movant can overcome this time-bar is to qualify for one of two equitable exceptions: equitable tolling or actual innocence. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be equitably tolled"); *McQuiggin v.*

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). The prison authorities at Movant's facility failed to stamp the Motion, and Movant failed to date the Motion when he signed it. As such, the Court will rely on the only date listed on the Motion—August 10, 2023, the apparent date of mailing—and presume that the Motion was filed on that date. *See id*. at 12; *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.") (citation omitted)). And even if the Court's presumption is incorrect, it is exceedingly unlikely that it took prison officials more than 1500 days to mail the Motion after Movant delivered it to them.

[4] The Government reads the Motion as arguing that the Motion is timely under § 2255(f)(3) in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court does not share this interpretation, but even if the Government is correct, the Court would still measure the timeliness of the Motion under 2255(f)(1) because Movant's judgment became final after *Rehaif* was decided. *See* 28 U.S.C. 2255(f); *see also Adams v. United States*, No. 17-CR-107, 2023 WL 4562921, at *4 (M.D. Fla. July 17, 2023) (measuring the timeliness of a movant's § 2255 motion, under § 2255(f)(3), from June 21, 2019—the date the Supreme Court decided *Rehaif*).

*Perkins*, 569 U.S. 383, 393 (2013) ("[A] prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." (citation omitted)). However, Movant does not argue an entitlement to either equitable exception. As such, the Motion must be dismissed as untimely. *See generally* ECF No. [1]; *see also Alexander v. Dixon*, No. 23-cv-60262, 2023 WL 2646262, at *4 (S.D. Fla. Mar. 27, 2023) ("For either [equitable tolling or actual innocence] exceptions to apply, the habeas petitioner bears the burden of presenting evidence showing that he or she is entitled to rely on these equitable exceptions." (citing *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002); other citation omitted)).

### C. Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Therefore, a certificate of appealability is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Sean Hurst's Motion Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DISMISSED** as time-barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith; thus, Movant is not entitled to

Case No. 23-cv-61572-BLOOM

appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sean Hurst, *PRO SE*
19636-104
McCreary-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 3000
Pine Knot, Kentucky 42635